# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES E. BONNETT | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RWT-10-3503 |
| WARDEN J. PHILLIP MORGAN, et al. | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

Pending in the above-captioned case are Defendants' Motions to Dismiss or for Summary Judgment. ECF Nos. 24 and 30. Plaintiff opposes the motion filed on behalf of Dr. Tessema. ECF No. 26. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. See Local Rule 105.6 (D. Md. 2010).

## Background

Plaintiff alleges that Defendants deliberately interfere with segregation inmates' attempts to file administrative remedy procedure complaints. He claims that Defendants have failed to properly provide medical care for segregation inmates who are suffering from severe skin rashes and that segregation inmates are not allowed to purchase skin ointments. Specifically, Plaintiff alleges that the commissary lieutenant issued an order prohibiting the sale of Vaseline, causing a major skin outbreak. Plaintiff asserts that segregation inmates are being fed less than the daily ration of food in order to maintain control over them. He claims the unit manager is forcing segregation inmates to live on only bread. ECF No. 1.

In his amended Complaint, Plaintiff alleges that Dr. Ottey refused to treat his diagnosed skin rash. He further claims that the Commissary Department at Western Correctional Institution is refusing to order medical supplies for inmates. He states the skin care items sold in the

Commissary are "useless" and that Lieutenant Friend has refused to allow medical intervention for the outbreak of skin rashes on segregation. Plaintiff claims Friend has permitted segregation inmates to be fed less than half the regular portions of food served to general population inmates and has interfered with medically prescribed diets. He claims that because segregation inmates are deprived of Vaseline, they are forced to use hair grease to treat their skin rashes. Plaintiff also claims Sergeant Shimko interferes with the administrative remedy procedure (ARP) by refusing to give ARP forms to Plaintiff. ECF No. 9.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility."

Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

**Analysis**

Deliberate Indifference to a Serious Medical Need

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. See Gregg v. Georgia, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." De'Lonta v. Angelone, 330 F. 3d 630, 633 (4th Cir. 2003) citing Wilson v. Seiter, 501 U.S. 294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. See Hudson v. McMillian, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

3

The subjective component requires "subjective recklessness" in the face of the serious medical condition. See Farmer, 511 U.S. at 839– 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." Rich v. Bruce, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" Brice v. Virginia Beach Correctional Center, 58 F. 3d 101, 105 (4th Cir. 1995) quoting Farmer, 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted. See Farmer, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. Brown v. Harris, 240 F. 3d 383, 390 (4th Cir. 2000); citing Liebe v. Norton, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

"[A]ny negligence or malpractice on the part of . . . doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference." Johnson v. Quinones, 145 F. 3d 164, 166 (4th Cir. 1998). Without evidence that a doctor linked presence of symptoms with a diagnosis of a serious medical condition, the subjective knowledge required for Eighth Amendment liability is not present. Id. at 169 (Actions inconsistent with an effort to hide a serious medical condition, refutes presence of doctor's subjective knowledge).

Plaintiff's complaint of a skin rash was evaluated by Nurse Trenum on December 18, 2010, who noted a "well-defined, reddened area with a slightly raised border, in the area of his

groin."[1] ECF No. 24 at Ex. A, p. 4; Ex. B, pp. 8 – 12. Based on her evaluation, Plaintiff was scheduled to see the physician's assistant for treatment; however, medical staff received a threatening sick call slip from Plaintiff before his scheduled appointment wherein he threatened to "sue you all the way to hell and back." Id. at Ex. B, p. 8. Because of the threatening nature of the sick call slip, Plaintiff's appointment was cancelled. On January 5, 2011, Plaintiff was seen by Dr. Ava Joubert after he complained he had not received any treatment for the skin rash. Dr. Joubert saw no evidence of the rash when she saw Plaintiff. Id. at Ex. B, pp. 13; 15 – 16.

Plaintiff's Eighth Amendment claim with respect to the skin rash fails. First, the medical need is not serious as it neither poses a threat to Plaintiff's life nor inflicts unnecessary pain. Plaintiff's assertion that making him wait for one day to see medical staff for treatment of jock itch is cruel and unusual is incorrect. ECF No. 26. Medical care in the prison is a limited resource and the Eighth Amendment does not prohibit triage of medical complaints to insure serious issues are addressed first. Secondly, it is clear that Plaintiff wanted a particular type of treatment that was not recognized by any medical care professional as the medical treatment needed. See ECF No. 30 at Ex. 1, p. 37. Plaintiff's disagreement with medical staff is not a basis for an Eighth Amendment claim.

With respect to Plaintiff's medical diet, the record evidence establishes that Plaintiff was placed on a cardiovascular diet as a part of the chronic care treatment plan for his hypertension. ECF No. 24 at Ex. B, pp. 2 – 5. The purpose of the diet was weight loss. Id. at p. 3. Approximately one month after he was placed on the diet, Plaintiff complained that he was not being given enough food and he demanded to be removed from the diet. Id. at p. 14. The cardiovascular diet includes 2 ounces of meat for lunch. ECF No. 30 at Ex. 1, p. 2. Plaintiff had

---

[1] Trenum diagnosed the condition as jock itch. ECF No. 30 at Ex. 1, p. 43 – 45.

been on the diet before, from May 24, 2010, through August 30, 2010, and signed off of the diet then as well. Id. Again, it appears to be simply Plaintiff's opinion about the proper portions of food that are driving his claim about the medical diet. An Eighth Amendment claim of deliberate indifference to a serious medical need is not established.

To the extent Plaintiff alleges his food trays were deliberately altered by other inmates or correctional staff, Defendants state that all food trays are prepared under the supervision of dietary staff. Once the trays are brought to the housing unit, they are passed out under the supervision of the dietary officer. Given the number of trays prepared and the supervision involved, targeting of one particular inmate's food tray is unlikely. ECF No. 30 at Ex. 1, p. 2 and pp. 62 – 65. Plaintiff has offered nothing more than his speculation that his trays were targeted. In light of the evidence produced by Defendants and Plaintiff's failure to refute it, Defendants are entitled to summary judgment on the claim regarding Plaintiff's medical diet. See ECF No. 26.

## Access to Courts

The Prison Litigation Reform Act ["PLRA"] requires a prisoner to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Thus, the exhaustion provision plainly extends to the allegations raised by Plaintiff and, upon proof that he has failed to exhaust a claim, Defendants are entitled to dismissal of the unexhausted claims. See Anderson v. XYZ Correctional Health Services, Inc., 407 F. 3d 674, 681 (4th Cir. 2005). Plaintiff's claim that he is denied access to forms used to file an administrative remedy procedure request (ARP) is a claim that he is denied access to courts. The tools required by Bounds v. Smith, 430 U.S. 817, 821 (1977) "are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis v. Casey, 518 U.S. 343, 355 (1996). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id.

Plaintiff claims he was denied access to ARP forms. ECF No. 1. Defendants have demonstrated through evidence that Plaintiff was provided access to the forms and that his complaints were investigated. ECF No. 30 at Ex. 1. Plaintiff has failed to allege the loss of his ability to pursue or file a meritorious claim in court because of the lack of access to forms. Thus, he has failed to establish that he has suffered an actual injury and the claim fails. See O'Dell v. Netherland, 112 F. 3d 773, 776 (4th Cir. 1997) (to establish an unconstitutional burden on right of access to the courts a showing of actual injury to ability to challenge sentences or conditions of confinement is required). Defendants are entitled to summary judgment on this claim.

A separate Order awarding judgment to Defendants follows.

Date: <u>July 13, 2011</u>　　　　　　　　　　　　　　<u>　　　　　　　/s/　　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　ROGER W. TITUS
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE